UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANG BROTHERS, LLC, by its sole owner IQBAL M. KHAN,<br><br>Plaintiff,<br><br>v.<br><br>BAINS PETROLEUM, LLC; KULDIP BAINS; LAKHIR SINGH; and Does 1-10,<br><br>Defendant. | No. 2:12-cv-2369-TLN-EFB<br><br>ORDER |

On July 29, 2013, plaintiff filed a motion to compel defendants Kuldip Bains and Lakhbir Singh to provide answers to plaintiff's requests for admissions and to produce the documents requested in plaintiff's request for production of documents. ECF No. 20. Plaintiff also seeks $921.00 as the reasonable costs and attorney fees incurred by plaintiff in bringing this motion. *Id.* The motion was noticed for hearing on August 14, 2013. *Id.*

Defendants have completely failed to respond to plaintiff's discovery requests, and have filed nothing in opposition to the motion. Accordingly, Eastern District of California Local Rule 251(e) applies which excused the requirement for the filing of a joint statement. *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order"). Under Local Rule 251(e), a responding party must file a response to

1

the discovery motion at issue no later than seven days before the hearing date, or in this instance, by August 7, 2013.[1]  That deadline has passed and defendants have not filed any response to plaintiff's motion.[2]

Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if: . . . (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34."  Plaintiff's motion provides that on May 1, 2013, plaintiff served defendants Kuldip Bains and Lakhbir Singh with plaintiff's first sets of requests for production of documents.  Chima Decl., ECF No. 20-1, ¶ 2; *see also* ECF No. 21, Ex. A.  Plaintiff's filings show that despite plaintiff's counsel's efforts to meet and confer with defendants' counsel, defendants still have not responded to the discovery requests, even though the responses were originally due by May 31, 2013.  ECF No. 21, Exs. B-D; Fed. R. Civ. P. 34(b)(2)(A) (providing that responses are due within 30 days).  Nor have defendants provided any valid excuse the failure to do so.  Accordingly, plaintiff's motion to compel defendants Kuldip Bains and Lakhbir Singh to respond to plaintiff's first sets of requests for production of documents will be granted, and defendants will be ordered to provide those responses.

Plaintiff also requests that defendants be required to pay $921.00 as the reasonable expenses incurred by plaintiff in bringing this motion to compel.  Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless the moving party failed to attempt in good faith to obtain the discovery or disclosures without court action, the non-disclosure was substantially justified, or the circumstances make an award of

---

[1]  Although plaintiff did not file the exhibits to the Chima declaration in support of the motion to compel until August 8, 2013, ECF No. 21, those exhibits were referenced in the Chima declaration, which was filed on July 29, 2013, and all of the exhibits were equally available to defendants long before they were filed on August 8.  Therefore, defendants had ample opportunity to respond to the motion to compel, the Chima declaration, and the exhibits cited therein.

[2]  The failure to respond to the motion is itself grounds for entry of an order granting the motion.  E.D. Cal. Local Rule 251(d).  Furthermore, the documents in support of the motion show that it should be granted on its merits.  Accordingly, hearing on the motion is vacated.

expenses unjust. Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if: . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."). Here, because plaintiff attempted in good faith to resolve this dispute without court action, defendants have provided no justification for their failure to respond to plaintiff's discovery or their failure to respond to plaintiff's motion to compel, and the court is aware of no other circumstances that would make an award of expenses unjust, defendants will be ordered to reimburse plaintiff for the reasonable expenses incurred in making the motion to compel.

The declaration from plaintiff's counsel indicates that counsel spent 4.4 hours at $200 per hour drafting and finalizing the motion to compel; staff spent 0.6 hours at $55 an hour researching and printing emails; and plaintiff's counsel spent $8.00 in copying costs, for a total of $921.00. ECF No. 20-1 ¶ 8. Although defendants had an opportunity to file an opposition to the request for fees, no opposition was filed.[3] Therefore, in light of defendants' lack of opposition, and because plaintiff's counsel's declaration reveals that both the amount of hours expended and the hourly rates are reasonable, the court finds that the $921.00 in fees and expenses incurred in presenting this motion were reasonably necessary to compel the relief granted herein. Accordingly, plaintiff's request for $921.00 in fees is granted.

Plaintiff motion to compel also references plaintiff's interrogatories, ECF No. 20 at 1. However, plaintiff's motion does not indicate when those purported interrogatories were served on defendants, nor are any interrogatories referenced in the Chima declaration or attached thereto. Accordingly, to the extent plaintiff moves to compel defendants to respond to interrogatories, that motion is denied.

Plaintiff also seeks to compel responses to plaintiff's requests for admission. However, that motion is unnecessary. If plaintiff properly served defendants with requests for admission and defendants failed to respond thereto, Federal Rule of Civil Procedure 36(a)(3) provides that

---

[3] Adequate notice that sanctions may be imposed and the opportunity to submit briefs on the issue satisfy the Rule 37(c)(1) requirement of a "motion" and "opportunity to be heard." *Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

those requests for admission are automatically deemed admitted.[4]  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see also Fed. Trade Comm. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) ("No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing.").  Accordingly, plaintiff's motion to compel defendants to respond to plaintiff's requests for admission is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel defendants Kuldip Bains and Lakhbir Singh to respond to plaintiff's first sets of requests for production of documents, as well as plaintiff's request for sanctions, ECF No. 20, are granted; plaintiff's motion to compel defendants to respond to interrogatories and requests for admission are denied; and the August 14, 2013 hearing on the motion to compel is vacated.

2. Within fourteen days of the date of this order, defendants Kuldip Bains and Lakhbir Singh shall provide full and complete responses to plaintiff's first sets of requests for production of documents.

3. Also, defendants Kuldip Bains and Lakhbir Singh shall, no later than thirty days from the filing date of this order, reimburse plaintiff for the expenses incurred in making its motion to compel in the total amount of $921.00.

/////
/////
/////
/////
/////
/////

---

[4] The court makes no findings regarding the sufficiency of service of the requests for admission or defendant's alleged failure to respond thereto, nor has the court considered whether any such admissions could be withdrawn pursuant to Rule 36(b).

       4. Defendants are admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or striking of defendants' answers. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 41(b).

       SO ORDERED.

Dated: August 13, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE